IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAURICE ELLISON,<br>    #345133,<br>        Petitioner, | )<br>)<br>)<br>) | |
| vs. | ) | No. 3:22-CV-842-S (BH) |
| | ) | |
| DIRECTOR, TDCJ-CID,<br>        Respondent. | )<br>)<br>) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on April 14, 2022 (doc. 3), and supplemented by the *Writ of Habeas Corpus*, received on June 1, 2022 (doc. 10), should be **SUMMARILY DISMISSED** with prejudice.

## I.   BACKGROUND

Maurice Ellison (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), challenges the denial of release on parole or mandatory supervision under 28 U.S.C. § 2254. (*See* doc. 3 at 2; doc. 10 at 1.) The respondent is the Director of TDCJ-CID. (*See* doc. 10 at 1.)

In 1982, Petitioner was convicted of capital murder in Case No. 23611 in the 249th District Court of Johnson County, Texas, and sentenced to life imprisonment. (*See* doc. 3 at 2; doc. 10 at 1); *see also* https://inmate.tdcj.texas.gov/InmateSearch/ (last visited June 3, 2022). He did not file a direct appeal. *See* https://search.txcourts.gov/CaseSearch (search for Petitioner). According to Petitioner's parole review information on the TDCJ-CID's official website, he was most recently

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

denied parole on September 8, 2020; his next parole review is in August 2023. *See* https://inmate.tdcj.texas.gov/InmateSearch/ (search for Petitioner) (last visited June 3, 2022). Petitioner's state habeas application following his last parole denial was received by the Texas Court of Criminal Appeals on October 26, 2020, and was denied without written order on December 23, 2020. *See Ex parte Ellison*, No. WR-88,561-04 (Tex. Crim. App. Dec. 23, 2020). His motion for reconsideration was received by the Texas Court of Criminal Appeals on March 18, 2021, and it was dismissed on March 24, 2021. *See id.* (Tex. Crim. App. Mar. 24, 2021). Another state habeas application, received by the Texas Court of Criminal Appeals on December 2, 2021, was dismissed as a subsequent application on March 9, 2022. *See Ex parte Ellison*, No. WR-88,561-05 (Tex. Crim. App. Mar. 9, 2022).

In his §2254 petition, Petitioner raises one ground for relief: "Petitioners [sic] prior offense did not demonstrate an escalating pattern of criminal behavior." (doc. 3 at 6.) He argues that he "had a record of good behavior while in prison. Thus the decision to deny the prisoner parole was not supported by some evidence of current dangerousness and violated the right to due process." (*Id.*) In his supplemental filing, he cites *Teague v. Quarterman*, 482 F.3d 769, 774-75 (5th Cir. 2007), and argues that its holding "means that [Petitioner] should have been released on manditory [sic] supervision once he became eligible." (doc. 10 at 1.)

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). As for the "unreasonable application" standard, a writ may issue "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly

established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). A petitioner must show that "there was no reasonable basis for the state court to deny relief." *Id.* at 98.

A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142,149-52 (5th Cir. 2003). The AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams*, 529 U.S. at 403-04). A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *See Singleton v. Johnson*, 178 F. 3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) (holding that a denial signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

Section 2254(d)(2) concerns questions of fact. *See Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

### III. SUMMARY DISMISSAL[2]

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)).

A prisoner in Texas does not have a constitutionally protected right to release on parole, and there is no federal constitutional right of a convicted person to be conditionally released before the expiration of his sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex,* 442 U.S. 1, 7 (1979); *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981). Because Texas prisons "have no protected liberty interest in parole, a federal habeas petitioner cannot state a constitutional violation based upon the denial of parole, even where he alleges that the parole denial was based on unreliable or even false information. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *see also id.* at 305.

Separate from discretionary release on parole, Texas has created a constitutional expectancy of early release for eligible inmates through its statutory mandatory supervision scheme,[3] which gives rise to a liberty interest subject to due process protections. *See* Tex. Gov't

---

[2] The petition may also be time-barred based on the public records currently available and the allegations in Petitioner's filings. Because the limitations issue is not jurisdictional, however, courts may bypass it and proceed to the merits of a § 2254 action. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *White v. Quarterman*, No. 3:06-CV-0849-H, 2008 WL 2221035, at *8-9 (N.D. Tex. May 29, 2008) (accepting recommendation of Mag. J.).

[3] Under the statutory mandatory supervision scheme, "[a]n inmate released to mandatory supervision is considered to be released on parole." Tex. Gov't Code § 508.147(b).

Code §§ 508.147, 508.149; *Teague,* 482 F.3d at 775-77. An inmate who has been sentenced to life imprisonment, such as Petitioner, "is not eligible for release to mandatory supervision" under the Texas statute in effect at the time of his offense, however.[4] *Ex parte Franks*, 71 S.W.3d 327, 327 (Tex. Crim. App. 2002) (involving 1981 statute in effect at time of offense); *see also Stewart v.* Crain, 308 F. App'x 748, 749 (5th Cir. 2009) ("[A] life-sentenced inmate is not eligible for release to mandatory supervision."); *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (rejecting claim that a prisoner serving a life sentence had an expectancy of early release under Texas law). Because Petitioner is not eligible under Texas law to be released on mandatory supervision, he has no constitutionally protected liberty interest in mandatory supervision and is not entitled to due process. *See Arnold*, 306 F.3d at 279.

Petitioner has no constitutional right to release on parole or mandatory supervision. Accordingly, he has asserted no constitutional violation in his § 2254 petition, as supplemented, and it should be summarily dismissed.[5]

## IV. RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on April 14, 2022 (doc. 3), and supplemented by the *Writ of Habeas Corpus*, received on June 1, 2022 (doc. 10), should be **SUMMARILY DISMISSED** with prejudice.

---

[4] Petitioner also would not be eligible for mandatory supervision under Texas's current mandatory supervision scheme because he was convicted of capital murder. *See* Tex. Gov't Code § 508.149(a)(3).

[5] Petitioner also appears to challenge events from the state habeas proceedings. (*See* doc. 10 at 2-3.) "[A]lleged infirmities in state habeas proceedings are not grounds for federal habeas relief." *Brown v. Dretke*, 419 F.3d 365, 378 (5th Cir. 2005); *see also Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to [federal] habeas relief in respect to his conviction, as it 'is an attack on a proceeding collateral to the detention and not the detention itself.'"). Accordingly, to the extent the filings may be liberally construed as asserting a claim based on this basis, the claim should also be summarily dismissed.

**SIGNED this 3rd day of June, 2022.**

IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE